UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TEEVEE TOONS, INC.,
(d/b/a TVT RECORDS),

    Plaintiff,

v.

Case No. 05-71243
Hon. Sean F. Cox

OVERTURE RECORDS, SCOTT SANTOS,
LAWRENCE SANTOS, and
NUMBER 6 RECORDS, LLC,

    Defendants.

_____

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Renewed Motion for summary judgment. Both parties have fully briefed the issues. Pursuant to E.D.Mich. LR 7.1, the Court declines to hear oral argument. For the following reasons, the Court **GRANTS** in part, Plaintiff's Motion for summary judgment and finds that Defendants are not entitled to statutory damages or attorney's fees pursuant to 17 USC §§ 504 and 505; and **DENIES** in part, Plaintiff's Motion for summary judgment with respect to its claim that Defendants' copyright claims are precluded by a security interest.

## I. BACKGROUND

This action arises out of an alleged breach of contract. The underlying facts are sufficiently set forth in this Court's Order regarding the parties' cross motions for summary judgment entered April 5, 2007. [Doc. 36].

1

Pursuant to the parties' agreement, on April 19, 2007, Defendants filed Amended Counterclaims. Defendants allege: (1) copyright infringement; and (2) breach of contract. On May 3, 2007, Plaintiff filed a motion for summary judgment regarding Defendants' claim for copyright infringement. That motion was struck and the instant Renewed Motion for summary judgment was filed on May 16, 2007.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

## III. ANALYSIS

### A. Are Defendants Limited To Actual Damages On Their Claim Of Copyright Infringement?

The statute at issue is 17 USC § 412, in pertinent part:

In any action under this title...no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for -

2

> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

Defendants admit that Plaintiff's initial alleged infringement commenced prior to the registration of the copyrights at issue. However, Defendants argue that the statute does not define when "an infringement" once commenced, ends, and a new infringement begins. Defendants contend that if Plaintiff's alleged infringement is viewed as one continuing infringement under the statute, even after Defendants have filed a claim for copyright infringement, then Plaintiff has essentially been granted a "license to steal" because it can continue to infringe without being subject to statutory damages. [Response, p.6]. Therefore, Defendants assert, that this Court must decide as a matter of first impression, "what is a mere continuation of the original infringement, and what is a 'new infringement'" under § 412. *Id*. at 7.

Defendants argument is without merit. Although the statute does not define when an infringement ends and a new one begins, that is not necessary to decide Plaintiff's Motion. In *Johnson v. Jones*, 149 F.3d 494, 505 (6th Cir. 1998), the court noted that "[f]irst and foremost, congress intended that § 412 provide copyright owners with an incentive to register early and often." The court also held that § 412 provides potential infringers with an incentive to check the federal registers. *Id*. The court ruled that "[t]hese purposes would be thwarted by holding that infringement is 'commenced' for the purposes of § 412 each time an infringer commits another in an ongoing series of infringing acts." *Id*.

In *Johnson*, the Sixth Circuit cited with approval *Mason v. Montgomery Data, Inc*., 741 F.Supp. 1282 (S.D.Tex. 1990)(rev'd on other grounds). In *Mason*, the plaintiff argued that § 412

3

was ambiguous because it does not address post-registration infringements. The plaintiff argued for reversion to the doctrine of multiple infringements, where a party is entitled to statutory damages when an infringer commits widely separated acts of infringement commencing after registration. The doctrine was applicable under the outdated 1909 Copyright Act. In explaining why the plaintiff was not entitled to such a ruling, the court first stated that there is no indication that Congress intended to distinguish between pre- and post-registration infringements. *Id*. at 1286. The court noted that when enacting § 412, Congress sought to make registration a prerequisite to the additional relief of statutory damages.

The crux of Defendants' argument is that registration provides constructive notice of a copyright, which is enough to trigger statutory damages when the infringement commences post-registration. In this case, the infringement commenced pre-registration, but Defendants later filed a claim for infringement, which provides actual notice. Therefore, somehow, the prohibition on statutory damages set forth by § 412 should not apply. This argument is flawed. Whether the alleged infringer has notice, actual or constructive, is irrelevant. Congress was not concerned with notice when it enacted § 412. Surely Congress anticipated that copyright holders may register their copyrights after the infringement commences, which constitutes constructive notice, but those copyright holders would nonetheless lose out on the ability to recover statutory damages. Congress wanted to provide an incentive to register copyrights, that is the purpose of § 412. To allow plaintiffs to collect statutory damages once a claim is filed would reduce the incentive to file registrations promptly.

In addition, Defendants argument that this interpretation grants Plaintiff a "license to steal" is misplaced. Plaintiff is not free to infringe merely because it allegedly began infringing

4

prior to registration. Plaintiff is still liable for actual damages if infringement is proven. This is the same as was provided under common law. But, the *added benefit* of statutory damages and attorney's fees is only available where the copyright holder registers promptly. As noted by the court in *Mason*, this is not designed to favor the infringer or penalize the copyright holder, it is meant to give an added benefit to those copyright holders that promptly register. *Mason*, 741 F.Supp. at 1287.

Defendants do not argue that Plaintiff's infringing activities have changed following registration. There is no indication that the alleged infringement is a different activity, for a different purpose, or involves different copyrighted material. *Id*. at 1286. Plaintiff's alleged infringement clearly constitutes an ongoing series of infringing acts that commenced prior to registration. Accordingly, Defendants are not entitled to statutory damages or attorney's fees under 17 USC §§ 504 and 505.

**B.     Are Defendants Entitled To Damages For Copyrights For Which Applications Have Been Filed, But Certificates Have Not Been Issued?**

Defendants have several copyrights where the applications have been submitted, but a certificate has not yet been issued. Pursuant to 17 USC § 411, the court cannot exercise subject matter jurisdiction over a claim for copyright infringement until registration has been made. Defendants ask this court to find that "registration" for purposes of § 411, has been made when the copyright holder submits the application materials, rather than when the registration certificate is issued.

The Sixth Circuit has not resolved this issue. However, this Court addressed the issue in *Hawaiian Village Computer, Inc. v. Print Management Partners, Inc*., 2007 WL 431017 (E.D. Mich. 2007). In *Hawaiian Village*, this Court adopted the so-called "registration approach,"

5

where registration has not been made until a certificate is issued. *Id*. at *3. Defendants, without offering any authority, ask the Court to reconsider. This Court declines to revisit the issue, and for the reasons set forth in *Hawaiian Village*, holds that this Court does not have subject matter jurisdiction over any copyright infringement claims that are filed before a registration certificate is issued.

      **C.    Does Plaintiff's Alleged Security Interest Preclude Defendants' Copyright Infringement Claims?**

Plaintiff argues that Defendants' copyright infringement claims are precluded by the security agreement contained in the distribution agreement.

In the Court's Order on the parties' cross motions for summary judgment, the Court ruled that there remains a genuine issue of material fact regarding whether, and by who, the distribution agreement was abandoned. [Doc. 36, p.11]. Accordingly, as is clear from the previous ruling, summary judgment is inappropriate on this issue.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part, Plaintiff's Motion for summary judgment and finds that Defendants are not entitled to statutory damages or attorney's fees pursuant to 17 USC §§ 504 and 505; and **DENIES** in part, Plaintiff's Motion for summary judgment with respect to its claim that Defendants' copyright claims are precluded by a security interest.

**IT IS SO ORDERED.**

                                                    S/Sean F. Cox
                                                  Sean F. Cox
                                                  United States District Judge

Dated: May 25, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 25, 2007, by electronic and/or ordinary mail.

                               S/Timilyn M. Katsaros
                               Administrative Assistant